IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACOB WINDING dba TOP TO BOTTOM CLEANING SERVICE,

Plaintiffs,

vs.

CAL-WESTERN RECONVEYANCE CORPORATION, et al.,

Defendants.
_______________________________________/

CASE NO. CV F 11-0041 LJO GSA

**ORDER TO DISMISS REMAINING DEFENDANTS**

(Doc. 7.)

**BACKGROUND**

This Court's January 24, 2011 order ("January 24 order") dismissed with prejudice defendant Wells Fargo, N.A. ("Wells Fargo") and noted irreparable deficiencies in the operative complaint of plaintiff Jacob Winding dba Top To Bottom Cleaning Service ("Mr. Winding"). The January 24 order required Mr. Winding, no later than January 31, 2011, to file papers to show cause why this Court should not dismiss this action against remaining defendant Cal-Western Reconveyance Corporation ("Cal-Western"). The January 24 order "**ADMONISHES Mr. Winding that this Court will dismiss this action against defendant Cal-Western Reconveyance Corporation if Mr. Winding fails to comply with this order and fails to file timely papers to show cause why this Court should not dismiss this**

**action against defendant Cal-Western Reconveyance Corporation.**" (Bold in original.) Mr. Winding filed no papers to address why this Court should not dismiss Cal-Western.

**DISCUSSION**

**Failure To Comply With Orders**

This Court's Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these [Local] Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal as Mr. Winding indicates a lack of interest to further litigate or prosecute this action. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor --

public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. The January 24 order "**ADMONISHES Mr. Winding that this Court will dismiss this action against defendant Cal-Western Reconveyance Corporation if Mr. Winding fails to comply with this order and fails to file timely papers to show cause why this Court should not dismiss this action against defendant Cal-Western Reconveyance Corporation.**" (Bold in original.) Mr. Winding ignored the January 24 order in failing to address why Cal-Western should not be dismissed. As such, Mr. Winding disobeyed the January 24 order despite adequate warning that dismissal will result from disobedience of this Court's order.

Moreover, the January 24 order demonstrates that Mr. Winding lacks a viable claim under his complaint's theories. This Court construes absence of a response to the January 24 order as a concession that Mr. Winding lacks viable claims against Cal-Western. As detailed in the January 24 order, the complaint's claims fail as barred legally. Mr. Winding lacks a viable claim.

This Court surmises that Mr. Winding pursues this action in absence of good faith and that Mr. Winding exploits the court system solely for delay or to vex defendants. The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). An attempt to vex or delay provides further grounds to dismiss this action against Cal-Western.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES this action without prejudice against Cal-Western; and

2. DIRECTS the clerk to enter judgment in favor of defendant Cal-Western Reconveyance

Corporation and against plaintiff Jacob Winding dba Top To Bottom Cleaning Service and to close this action.

IT IS SO ORDERED.

**Dated: February 1, 2011**

**/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE